Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

**STAFF**

Sam H. Torrey.....................Circulation Manager
Jay F. Laning.......................Business Director
Sheldon R. Laning..................Editorial Director

---

### CLARK v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3103.   Decided July 18, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**225.   CHARGE OF COURT—While single
phrase taken from charge may be prejudicial
when standing alone, if, when considered in
connection with balance of charge, jury could
not have been misled, such phrase will not
constitute reversible erorr.**

Error to Common Pleas.

Judgment affirmed.

A. C. Frike and A. Lee Beaty, Cincinnati,
for Clark.

Charles P. Taft, II, Pros. Atty. and Edward
Corcoran, Asst. Pros. Atty., Cincinnati, for
State.

Justice, J., of the Third District, sitting by
designation.

FULL TEXT.

HAMILTON, PJ.

Plaintiff in error, James Clark, was indicted
for second degree murder, and at the trial was
found guilty of manslaughter by the jury.

Two specifications of error are presented by
the plaintiff in error, and argued to the Court:
First: The Court abused its discretion in the
denial of a continuance of the trial of the cause
on the application of Clark.   Second:   That
the Court erred in its charge defining reason-
able doubt.

On the question of the abuse of discretion in
denying the continuance of the trial, the bill
of exceptions contains a complete record of
what occurred, and, on the record, the Court
did not abuse its discretion in refusing the con-
tinuance, but properly protected the interests
of Clark, in securing him a fair trial in so far
as the continuance was concerned.

Plaintiff in error takes from the charge of
the Court, the following phrase from a para-
graph, defining reasonable doubt:   "If they
can not so say a reasonable doubt exists, and
it would be your duty to convict the defend-
ant."   Plaintiff in error claims this is equiva-
lent to charging the jury that if a reasonable
doubt exists, it is the duty of the jury to con-
vict.   The phrase is awkwardly stated, and if,
standing alone, would be sufficient upon which
to predicate reversible error. While the phrase
undoubtedly is awkward, and does not prop-
erly convey to the jury the law, yet, when con-
sidered in connection with the rest of the
charge, the jury could not have been misled,
and were clearly given the law in the follow-
ing, which immediately follows the phrase
above quoted:   "But if you can say that you
feel a firm conviction to an honest certainty
of the truth of the charge, and that the state
has established all the elements necessary to
make out the offense, there would not be a
reasonable doubt, and it would be your duty
under those circumstances to find the defend-
ant guilty.   You will not, however, be justi-
fied in convicting the defendant on suspicion
or on probabilities; neither is a preponderance
of the evidence sufficient to convict the defend-
ant, but the proof must be such as to create
a clear and undoubted conviction in your minds
of the guilt of the defendant; and if the evi-
dence leaves in your minds such a doubt as
to the guilt of the defendant as to deter a
reasonable man to be controlled by it, such a
doubt would be a reasonable one, and the de-
fendant could not properly be convicted, for
the law is too humane to demand a conviction
while a reasonable doubt remains in the minds
of the jury.   You will be justified and required
to consider a reasonable doubt as existing, if
the material facts without which guilt could
not be established could be fairly reconciled
with innocence."

This quotation completes the full paragraph
on the question of reasonable doubt, and is
presented so clearly, that, notwithstanding the
awkwardness of the phrase quoted, the jury
could not have been misled.

We find no prejudicial error in the record,
and the judgment is affirmed.

(Cushing, J., and Justice, J., concur.)

---

### SAND BEACH CO. v. ALLEN et.

Ohio Appeals, 6th Dist., Ottawa Co.

No. 106.   Decided Dec. 19, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**983.   QUIETING TITLE—681.   Jurisdiction.
—In action to quiet title, brought by plaintiff
in possession, court, having full and com-
plete jurisdiction of action and of land in-
volved, can rightfully determine as to con-**

flicting claims of title and quiet title of defendants, even though they are not in possession.

Appeal from Common Pleas.

Otto L. Hankison, Toledo, and True, Crawford & True, Port Clinton, for Sand Beach Co.

Lawrence Rupp and Boggs & Doty, Toledo, for Allen et.

FULL TEXT.

RICHARDS, J.

This action was commenced by the plaintiff against Sadie Allen and a very great many other defendants for the purpose of quieting its title to a large tract of land in this county. Among the defendants named are Anna L. Hankins, Phoebe Fry Welch, Andrew Winnie, Bertha B. Bennet, Howard G. Winnie and Sarah Floro. All of the issues in the case have been heretofore disposed of except those which arise between the plaintiff and the above named defendants.

Among the tracts claimed by the plaintiff is all the land situated in fractional section 6, town 7 north, range 16 east, in Erie Township, Ottawa County. The defendants named claim this tract by adverse possession in them and their predecessors in title for more than 21 years and by sundry conveyances. The right asserted by the defendant, Howard G. Winnie, has been adjudged against him in a former action.

The chain of title to the property involved is long and complicated and it would be of no advantage to trace the course of the title in this opinion and the court will be content with stating the conclusions at which it has arrived.

The court finds from the evidence that the plaintiff is the owner and in possession of the undivided 22/27's of the undivided south half of said fractional section 6, and that the defendants Anna L. Hankins, Phoebe Fry Welch, Andrew Winnie, Bertha B. Bennet and Sarah Floro, are the owners and tenants in common of the undivided 5/27's of the undivided south half of said fractional section and they are tenants in common with the plaintiff in the ratio mentioned. The defendants named are not now in possession of the land, but under the evidence in this case neither the plaintiff nor its predecessors in title have acquired title to the premises by adverse possession as against the above named defendants, who are found to be tenents in common with the plaintiff. No such overt acts of an uneuiqvocal character clearly indicating the assertion of ownership of the entire title have been shown as would entitle the plaintiff to a complete title by adverse possession against the co-tenants. Youngs v. Heffner, 36 Ohio St., 232.

This court is of the opinion that although the above named defendants are not in possession of the land in which they are found to have an undivided interest, they are nevertheless entitled to have their interest in said lands quieted in them. The action is one to quiet title brought by a plaintiff in possession and, the court having full and complete jurisdiction of the action and of the land involved, can rightfully determine as to the conflicting claims of title and quiet the title of the defendants, even though they are not in possession. Challen v. Martin, et al., 6 C. C., N. S.,

473. Talmadge v. Talmadge, 4 Court of Appeals Opinions, Sixth District, unreported, 286. These authorities have often been followed by this court, one of the decisions being in a case originating in Ottawa County, decided May 10, 1924. Magee v. Perry, et al., 27 Court of Appeals Opinions, Sixth District, unreported, 195.

A decree will be entered quieting the title of the parties as above fixed and determined. Decree accordingly.

(Williams and Lloyd, JJ., concur.)